

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DELFINO GONZALEZ, | § | |
| Petitioner, | § | |
| VS. | § | NO. 4:07-CV-478-A |
| NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Delfino Gonzalez is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 23, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by August 13, 2008. Petitioner timely filed his objections.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Petitioner has been denied release to parole and mandatory supervision. He asserts four grounds for relief: (1) denial of due process; (2) denial of equal protection; (3) illegal rescission of presumptive parole/mandatory supervision date; and (4) illegal interpretation and application of the government code toward applicants, which violates the intent of the legislature. The United States Magistrate Judge recommends that petitioner's petition be denied, noting that petitioner has no protected liberty interest in release to parole or to a presumptive parole date, and that, in connection with his denial of release to mandatory supervision, petitioner was afforded all the due process to which he was entitled.

This action is very similar to over forty others, which have been filed by inmates at the pre-parole transfer facility located in Mineral Wells, Texas.[1] Like its predecessors, this action must also be dismissed for failure of the claimant to assert any cognizable claims. Both petitioner's petition and his objections read in the abstract, as he complains of the practices of the Texas Board of Pardons and Paroles in general. Giving petitioner the benefit of the doubt, assuming _arguendo_ that he has alleged anything that would specifically apply to him, he is not entitled

---

[1] In fact, petitioner himself has raised claims very similar to those in the instant petition in a previous action pursuant to 42 U.S.C. § 1983, which this court dismissed with prejudice for failure to state a claim upon which relief could be granted.

2

to any relief for the reasons identified by the Magistrate Judge.[2]

Therefore,

The court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge and ORDERS that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED August 11, 2008.

JOHN McBRYDE
United States District Judge

---

[2] Petitioner argues in his objections that the Texas statutes create a protected liberty interest in a presumptive parole date. His arguments are unavailing.